4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RUBEN ROSAS GUTIERREZ, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION No. B-01-069 |
| UNITED STATES BORDER PATROL, | * |
| Defendant. | * |

### DEFENDANT'S PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

*ANSWER*: No meeting has taken place. The Plaintiff, who is proceeding pro se has not contacted counsel for the United States. A copy of the Removal Petition and Order Setting Conference was forwarded to Plaintiff, a resident and perhaps citizen of Mexico, via registered mail, on May 3, 2001; however, no return receipt has been provided to the United States.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

*ANSWER*: None.

3. **Specify the allegation of federal jurisdiction.**

*ANSWER*: Defendant asserts that jurisdiction is under the Federal Tort Claims Act, 28 U.S.C. 2671 et seq.

4. **Name the Parties who disagree and the reasons.**

*ANSWER*: It is not known whether Plaintiff disputes the Defendant's assertions regarding jurisdiction.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

*ANSWER*: None are known at this time.

6. **List anticipated interventions.**

*ANSWER*: None are known or anticipated at this time.

7. **Describe class action issues.**

*ANSWER*: Not applicable.

8.   **State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe what arrangements have been made to complete the disclosures.**

*ANSWER*:   No disclosures have been made.

9.   **Describe the proposed agreed discovery plan, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**

*ANSWER*:   None.

   B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

*ANSWER*:   Unknown.

   C.   **When and to whom the defendant anticipates it may send interrogatories.**

*ANSWER*:   Defendant will issue interrogatories to Plaintiff within 15 days of the Court's initial pretrial conference on this matter. Interrogatories would likely be forwarded to Plaintiff only.

   D.   **Of whom and by when the plaintiff anticipates taking oral depositions.**

*ANSWER*:   Unknown.

   E.   **Of whom and by when the defendant anticipates taking oral depositions.**

*ANSWER*:   Defendant does not anticipate the need for oral depositions in this case.

   F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

*ANSWER*:   Unknown.

   G.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

*ANSWER*:   Unknown.

   H.   **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

*ANSWER*:   None are anticipated.

10.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

*ANSWER*:   Plaintiff has not been in contact with counsel for the United States.

11.   **Specify the discovery beyond initial disclosures that has been undertaken to**

date.

*ANSWER*:   None.

12.  **State the date the planned discovery can reasonably be completed.**

*ANSWER*:   October 30, 2001; barring any problems the government may experience in sending or obtaining mail from Mexico.

13.  **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

*ANSWER*:   If not dismissed on jurisdictional issues, there is a strong likelihood of settlement.

14.  **Describe what each party has done or agreed to do to bring about a prompt resolution.**

*ANSWER*:   No action has been taken because Plaintiff has not been in contact with counsel for the United States. An attempt to call Plaintiff at a phone number indicated on his petition to the Justice of the Peace was not successful.

15.  **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

*ANSWER*:   The parties have no objection to a non-binding mediation.

16.  **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

*ANSWER*:   Unknown.

17.  **State whether a jury demand has been made and if it was made on time.**

*ANSWER*:   Plaintiff is not entitled to a jury in actions against the United States under under the Federal Tort Claims Act.  See 28 U.S.C. 2402, 28 U.S.C. 1346 and 28 U.S.C. 2671 et seq.

18.  **Specify the number of hours it will take to present the evidence in this case.**

*ANSWER*:   One to two hours..

19.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

*ANSWER*:   There are no pending motions at this time.

The United States did originally intend to file a motion to dismiss because the United States has no record of the Plaintiff filing an administrative claim as required under the FTCA, 28 USC 2675. However, in the materials that Plaintiff submitted with his complaint, he included a copy of an administrative complaint. The administrative complaint, however, contains no stamp-filed receipt indication or other proof showing that it had actually been submitted. However, it has been the hope of the undersigned to meet with Plaintiff to determine if he actually did submit this form, and if so to whom. If determined that he did submit the form, it is likely that the government would attempt to settle the claim; if not, the

ClibPDF - www.fastio.com

government would pursue a motion to dismiss for want of subject matter jurisdiction.

**20.    List other motions pending.**

<u>ANSWER</u>:    There are no pending motions at this time.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

<u>ANSWER</u>:    Plaintiff is proceeding pro se and resides in Mexico. As indicated, Plaintiff is difficult to contact.

**22.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

<u>ANSWER</u>:

Counsel for Defendant:

Nancy L. Masso
Assistant U. S. Attorney
U. S. Attorney's Office
600 E. Harrison St., No. 201
Brownsville, TX 78520
TEL:  (956) 548-2554
FAX:  (956) 548-2549
State Bar No. 00800490
Federal Bar No. 10263

Date:  9-14-01

## CERTIFICATE OF SERVICE

On September 14, 2001, a copy of the forgoing **"Defendant's Proposed Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure"** was placed in the mail to Plaintiff, Ruben Rosas Gutierrez, at Union Comercial #9, Matamoros, Mexico, via registered mail.

_____
NANCY L. MASSO
ASSISTANT U.S. ATTORNEY